Estate of Lydia M. Billings, Deceased, L. R. Billings and Geraldine Billings, Co-Executors v. Commissioner.
Estate of Lydia M. Billings v. Commissioner
Docket No. 17740.
United States Tax Court
1949 Tax Ct. Memo LEXIS 19; 8 T.C.M. (CCH) 1044; T.C.M. (RIA) 49285; December 6, 1949
*19 Harrison H. Simpson, Esq., and George E. Oefinger, C.P.A., 405 Montgomery St., San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in estate tax in the amount of $16,168.71. The sole issue for decision is whether 40 acres of real property of a value of $9,000 and 163 8/10bshares of stock of a value of $250 per share are property includible in the decedent's gross estate. The facts are found from the stipulation of facts and attached exhibits. Findings of Fact Petitioner is an estate with principal office at First National Bank in Delano, Delano, California. Lauren R. Billings and Geraldine Billings, the son and daughter. respectively, of the decedent, are the duly authorized and acting co-executors of petitioner estate. Petitioner's decedent, Lydia M. Billings, died on September 18, 1945. The estate tax return for petitioner was filed with the collector of internal revenue at Los Angeles, California, on June 25, 1946. Among the assets in which the decedent, prior to her death, held an interest was 40 acres of real property described *20 as: "The Northwest quarter (1/4) of the Northeast quarter (1/4) of Section thirty-one (31), Township Twenty-five (25) South, Range Twenty-six (26) East, M.D.B.M. in the County of Kern, State of California." On September 18, 1945, petitioner's decedent executed deeds in contemplation of death of all of her interest in the above property. At that time the property itself had a fair market value of $9,000. It had previously been included in the estate of decedent's husband, D. Billings, who died November 17, 1934, as the community property of D. Billings and the decedent. Decedent at death held possession of 163.8 shares of the capital stock of First National Bank in Delano having a fair market value of $250 per share. These shares were acquired by her as a result of the receipt by her of 47 shares of bank stock from the estate of D. Billings. Lydia M. Billings had the same interest in the 163.8 shares as she originally had in the 47 shares received at the time of the death of her husband. The 47 shares were included in the estate of D. Billings as the community property of D. Billings and decedent. The complete will of D. Billings, with the exception of the signatures of the *21 testator and witnesses, reads as follows: "McFarland, California, "McFarland Dec. 7 - 1931 "I bequeath to my wife Lydia M. Billings all my real and personal property of what so ever nature to be hers during her lifetime with all rights to sell any or all of real or personal property by securing the sanction of Lauren R. and Geraldine Billings. "I hereby appoint Lauren R. Billings administrator of my Estate to serve without Bond." A petition for distribution of the estate of D. Billings was filed by Lauren R. Billings, executor of the last will and testament of D. Billings, deceased, in the Superior Court of the State of California, in and for the county of Kern. The petition prayed: "* * * that the said residue of said estate be distributed as follows: "To the said Lydia M. Billings the whole thereof, to be held, owned and possessed by her during her natural life and upon the death of the said Lydia M. Billings, and thereafter, the same to be held, owned and possessed in equal shares by the said Geraldine Billings and your petitioner, the said Lauren R. Billings." The decree of settlement of first and final account and distribution of the estate of D. Billings issued *22 by the Superior Court of the State of California in and for the county of Kern on October 19, 1936, contained the following statements: "* * * Said first and final account and petition for distribution coming on regularly this day for hearing and it duly appearing to the Court that the Clerk has given notice of said hearing for the time and in the manner required by law, and the said first and final account and said petition for distribution being submitted to the Court for its consideration and decision * * * and it further appearing that said estate is in condition to be closed, that Lydia M. Billings is the surviving wife of the said deceased, Geraldine Billings, the daughter of said deceased, and the said executor Lauren R. Billings, the son of said decedent, are named in the last will and testament of said deceased as the heirs, legatees and devisees of said deceased and as such heirs, legatees and devisees are entitled to have all of the residue of said estate distributed to them in accordance with the provisions of said last will and testament; * * *
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said first and final account of said Executor be and the same *23 is allowed and approved as presented, and that the said residue of said estate be and the same is distributed as follows: "To the said Lydia M. Billings the whole of said residue, and any other property not now known or discovered belonging to said estate or to said deceased, to be held, owned and possessed by the said Lydia M. Billings during her natural lifetime and upon the death of the said Lydia M. Billings the same to go to and thereafter to be held, owned and possessed in equal shares by the said Geraldine Billings and the said Lauren R. Billings." The residue of the estate of D. Billings included the 40 acres of real property and the 47 shares of the capital stock of First National Bank in Delano referred to above. There was no contest on the will of D. Billings nor on the decree of the court in distribution of his estate. Opinion Respondent determined that a certain 40 acres of real property in Kern County, California, having a value of $9,000, and 163 8/10 shares of capital stock of First National Bank in Delano (California) having a value of $250 a share, were includible in the gross estate of petitioner's decedent, Lydia M. Billings. Whether or not respondent *24 erred depends upon whether Lydia M. Billings after the death of her husband, D. Billings, acquired full title to the residue of his estate, as determined by respondent, which residue included the above real property and the shares of stock to which the above shares of stock are attributable, or merely a life interest in this residue, as maintained by petitioner. The Superior Court of the State of California in and for the county of Kern, in its decree of distribution dated October 19, 1936, decreed that Lydia M. Billings acquired a life interest in the residue of the estate of D. Billings, with remainder over to Geraldine Billings and Lauren R. Billings (the children of D. Billings and Lydia M. Billings). Petitioner argues that this decree should have been accepted by respondent and should be followed by this Court. The decision of a state court settling property rights is binding on this Court. ; . The Commissioner, however, contends that the case at bar is not controlled by the decision of the California court because - "There was no contest in connection with the probate of D. Billings *25 Estate and the petition for distribution and decree of distribution entered pursuant thereto clearly indicate a consent decree. The decisions of state courts rendered under such circumstances are not binding on this court. ; ; aff'd (C.C.A. 6, 1948) ." However, we find it unnecessary to decide in this case whether or not we are bound by the decree of the California court. In , the decedent had devised more than one-third of her property to charitable organizations. The California statute requires the consent of certain heirs before such a devise may be carried out. At a proceeding to settle the executor's accounts one of such heirs was notified of the hearing but did not appear and made no objection to the court's decree, nor did she appeal therefrom. The court approved the distribution of more than one-third of the estate to the charitable devisees and the Commissioner determined that such distribution was unlawful in California and that the executor was not entitled to deduct from the *26 taxable estate the charitable gifts in excess of one-third of the estate. This Court held that the bequests were voidable, not void, and that the persons designated by the statute as having power to object to the bequests had not objected and that therefore the executor was entitled to deduct the bequests from the taxable estate. In its opinion this Court said: "* * * The decree of the California court having jurisdiction over the administration of decedent's estate * * * is persuasive evidence of the law of California on this question, even if we assume, arguendo, that the decree is not conclusive, in this litigation." Since, in the instant case, we have found nothing in our examination of the California statutes and decisions which convinces us that the decree of the California court distributing the estate of D. Billings was in error under California law, those words are applicable here. We accordingly hold that Lydia M. Billings, petitioner's decedent, received a life interest only in the residue of the estate of D. Billings, and that respondent erred in his determination that the 40 acres of real property described in our findings, of a value of $9,000, and 163 8/10 shares *27 of the capital stock of First National Bank in Delano, of a value of $250 a share, are includible in the gross estate of Lydia M. Billings, petitioner's decedent. Decision will be entered for the petitioner.